UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEANTHONY BROWN,<br><br>              Petitioner,<br>v.<br><br>BRIAN WILLIAMS, et al.,<br><br>              Respondents. | Case No. 2:19-cv-01409-RFB-VCF<br><br>**ORDER** |

      Petitioner has not properly commenced this habeas action by either paying the standard filing fee or filing a complete application for leave to proceed *in forma pauperis* ("IFP").

      Petitioner is a prisoner in the custody of the Nevada Department of Corrections. He is proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. He submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 to initiate this case (ECF No. 1), but he did not pay the $5 filing fee or submit an IFP application for incarcerated litigants with the appropriate supporting documentation. 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.

      To proceed in a civil action without paying the standard filing fee, LSR 1-1 and 28 U.S.C. § 1915 provide that a prisoner must submit the court's IFP application for incarcerated litigants. Additionally, LSR 1-2 and § 1915 specifically require three items be submitted to this court with a prisoner's IFP application: (1) a financial certificate signed by an authorized officer of the institution in which he or she is incarcerated,[1] (2) a copy of his or her inmate trust account

---

[1] Local Special Rule 1-2 states that a prisoner:
> must simultaneously submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application. If the applicant has been at the institution for fewer than six months, the certificate must show the account's activity for this shortened period.

1

statement for the six-month period prior to filing,[2] and (3) a signed financial affidavit showing an inability to prepay fees and costs or give security for them.[3]  Thus, Petitioner will have 30 days from the date of this order to either pay the $5 filing fee or submit a IFP application with all required attachments.

Accordingly,

**IT IS ORDERED:**

1. The Clerk of Court is instructed to MAIL Petitioner a blank form Application to Proceed *in Forma Pauperis* for incarcerated litigants with instructions.

2. **Within 30 days of the date of this order**, Petitioner must file an IFP application along with (i) a financial certificate executed and signed by the petitioner and an authorized prison official, (ii) a financial acknowledgement executed and signed by the petitioner, and (iii) a statement of his inmate trust account for the six-month period prior to filing.

3. Alternatively, Petitioner will pay the $5 filing fee within 30 days.

4. Petitioner's failure to comply with this Order by (a) submitting a complete IFP application, or (b) paying the filing fee within 30 days will result in the dismissal of this action without prejudice and without further advance notice.

DATED this 20th day of August 2019.



RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

---

[2] Section 1915(a)(2) requires a prisoner to "*submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint*, which the prisoner must obtain "from the appropriate official of each prison at which the prisoner is or was confined." (emphasis added).

[3] Section 1915(a)(1) states that a prisoner must submit "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."