# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DEANTHONY BROWN, | Case No. 2:19-cv-01409-RFB-VCF |
| Petitioner, | |
| v. | **ORDER** |
| BRIAN WILLIAMS, et al., | |
| Respondents. | |

Petitioner Deanthony Brown, a Nevada state prisoner, has submitted a *pro se* Petition for Writ of Habeas Corpus (ECF No. 1-1) pursuant to 28 U.S.C. § 2254. This habeas matter is before the Court for consideration of Brown's Application to Proceed *In Forma Pauperis* (ECF No. 5) as well as initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Court orders Brown to resolve the filing fee and show cause why the petition should not be dismissed with prejudice as untimely.

## BACKGROUND

Brown challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County, Nevada ("state court"). Brown v. State of Nevada, Case No. C-14-300888.[2] In February 2016, Brown entered an Alford[3] plea to the charges of burglary and battery with the use of a deadly weapon resulting in substantial bodily harm. On May 17, 2016, the state district court entered a judgment of conviction, sentencing Brown to consecutive sentences of 24–60 months on the burglary count and 72–180 months on the battery count.

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts, which may be accessed by the public online at:
https://www.clarkcountycourts.us/Anonymous/default.aspx and
http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

[3] North Carolina v. Alford, 400 U.S. 25 (1970).

Once the judgment of conviction was entered, Brown filed a direct appeal.[4] The Nevada Court of Appeals affirmed Brown's conviction on October 19, 2016. According to state court records, no intervening judgment of conviction has been entered in Brown's criminal case and he did not file a petition for writ of habeas corpus seeking post-conviction relief.[5]

On or about August 11, 2019, Brown mailed or handed to a prison official for the purpose of mailing, the federal petition initiating this case. (ECF No. 1-1 at 18.)

## DISCUSSION

### I. APPLICATION TO PROCEED *IN FORMA PAUPERIS* ("IFP")

Under 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 filing fee is required to initiate a habeas action in a federal district court. The court may authorize a person to begin an action without prepaying fees and costs if the person submits an IFP application on the approved form along with the appropriate supporting documentation. See 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.

Here, although Brown submitted the required form, the supporting documents show he has the financial means to pay the $5.00 filing fee. Thus, Brown does not qualify for a fee waiver. The Court therefore denies his IFP application. Brown has 45 days from the date of this order to have the filing fee sent to the Clerk of Court.

### II. ORDER TO SHOW CAUSE

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. See also Valdez v. Montgomery, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The Court may also dismiss claims

---

[4] Before the judgment of conviction was entered, Petitioner filed two interlocutory appeals. Brown v. State of Nevada, Case No. 67302 (order dismissing appeal, dated Feb. 9, 2015, and remittitur issued Mar. 6, 2015), Case No. 68499 (order dismissing appeal, dated Aug. 18, 2015, and remittitur issued Sept. 14, 2015). The Nevada Supreme Court dismissed both appeals for lack of jurisdiction.

[5] In August 2019, Petitioner filed a motion to modify and/or correct illegal sentence, which the state court denied the following month. Petitioner did not appeal this decision. He also filed a petition for writ of mandamus in the Nevada Supreme Court, which was denied in October 2019.

at screening for procedural defects. See Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The one-year limitation period, *i.e.*, 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

Here, it appears that Brown's conviction became final when the time expired for filing a petition for writ of certiorari with the United States Supreme Court on January 17, 2017. The federal statute of limitations thus began to run the following day. There is no indication that Brown filed a petition for writ of certiorari with the United States Supreme Court, and he did not file a state petition for writ of habeas corpus. Accordingly, absent another basis for tolling or delayed accrual, the limitations period expired 365 days later on January 18, 2018, and the petition, filed nearly 19 months later, is untimely on its face. Brown must therefore show cause why the petition should not be dismissed with prejudice as time-barred under § 2244(d).

In this regard, Brown is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." Miranda, 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. E.g., Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); accord Bryant v. Arizona Att'y General, 499 F.3d 1056, 1061 (9th Cir. 2007).

///

///

Brown further is informed that, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. See 28 U.S.C. § 2244(d)(1)(B), (C), (D) & (d)(2).

Brown further is informed that if he seeks to avoid application of the limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish actual factual innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. See McQuiggin v. Perkins, 569 U.S. 383 (2013); House v. Bell, 547 U.S. 518 (2006); Lee v. Lampert, 653 F.3d 929 (9th Cir. 2011) (en banc). In this regard, " 'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 624, 623 (1998).

**IT THEREFORE IS ORDERED:**

1. Petitioner Deanthony Brown's Application to Proceed *In Forma Pauperis* (ECF No. 1) is **DENIED**.
2. Brown must pay the $5.00 filing fee within 45 days of the date of this order.
3. The Clerk of Court will mail Brown *two* copies of this order. Brown must make the arrangements to have a copy of this order attached to the check for the filing fee.
4. Brown must **SHOW CAUSE IN WRITING within 45 days** of the date of this order by filing a "Response to Order to Show Cause" stating reasons why this action should not be dismissed with prejudice as untimely. If Brown does not timely respond to this order, the petition will be dismissed without further advance notice. If Brown responds but fails to show with specific, detailed and competent evidence why the petition should not be dismissed as untimely, the action will be dismissed with prejudice.
5. Any assertions of fact Brown makes in response to this show cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence Brown filed in the federal record. Brown must attach copies of all materials upon which

he bases his argument that the petition should not be dismissed as untimely or unexhausted. Unsupported assertions of fact will be disregarded.

6. Brown's failure to timely comply with this Order by (a) paying the filing fee, *and* (b) filing a response to the order to show cause will result in the dismissal of this action without further advance notice.

DATED this 8th day of January, 2020.

_____
**RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE**